[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10769

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-02989-CV-7-UWC-W

LAQUARIUS GRAY, a minor, by and
through her mother and next
friend, Toniko L. Alexander,

Plaintiff-Appellee,

versus

ANTONIO BOSTIC, individually and
in his official capacity as
Deputy Sheriff for Tuscaloosa
County, AL,

Defendant-Appellant,

EDMUND SEXTON, individually and in
his official capacity as Sheriff for
Tuscaloosa County, AL,
JOYCE HARRIS, individually and in her
official capacity as Principal of
Holt Elementary School, Tuscaloosa, AL,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(February 8, 2008)**

Before BLACK, CARNES and COX, Circuit Judges.

PER CURIAM:

We understand Deputy Bostic's latest position in this case to be that he had probable cause, or at least arguable probable cause, to arrest Laquarius Gray, and for that reason his handcuffing of her was a reasonable use of force to make an arrest. Having carefully considered the briefs, the pertinent parts of the record, and the oral argument of counsel, we conclude that, viewing the evidence in the light most favorable to Deputy Bostic, he lacked even arguable probable cause to arrest Gray.

Absent probable cause to arrest Gray, Bostic's handcuffing of her amounted to the use of excessive force. Bashir v. Rockdale County, Ga., 445 F.3d 1323, 1332 (11th Cir. 2006) ("It follows, then, if an arresting officer does not have the right to make an arrest, he does not have the right to use any degree of force in making that arrest."); Jackson v. Sauls, 206 F.3d 1156, 1171 (11th Cir. 2000) ("[I]f a stop or arrest is illegal, then there is no basis for any threat or any use of force . . .

2

."); see also Thornton v. City of Macon, 132 F.3d 1395, 1400 (11th Cir. 1998) (holding that where neither plaintiff "was suspected of having committed a serious crime, neither posed an immediate threat to anyone, and neither actively resisted arrest . . . . the officers were not justified in using any force").

We are also unpersuaded by any of Bostic's other contentions and conclude that the district court did not err in granting judgment as a matter of law against Bostic.

AFFIRMED.